```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA

                        Plaintiff,

           v.                                    REPORT AND
                                                 RECOMMENDATION
MYRTHA ST. CYR A/K/A                             CV 01-6550 (ERK) (VVP)
MYRTHA CIVIL
                        Defendant.
----------------------------------------------------------------x
```

POHORELSKY, Magistrate Judge:

Chief Judge Korman has referred to me for a Report and Recommendation, pursuant to 28 U.S.C § 636(b)(1), the Government's motion for summary judgment. This action arises from two student loans taken out by the defendant, Myrtha St. Cyr in the amount of $6,625.00, which the Government alleges the defendant failed to repay, and now seeks to recover. The defendant, proceeding pro se, has not filed any opposition, or otherwise responded in any way to the summary judgment motion. For the reasons discussed below, the undersigned respectfully recommends that the Government's motion be GRANTED.

## BACKGROUND

The following facts are undisputed. On or around February 4, 1988, the defendant took out two student loans, one for $4,000.00, and another for $2,625.00, in order to attend the School of Advanced Career Training in New York. (*See* Gov't Decl. Supp. Summ. J. Mot. ¶ 3, Ex. A.) These loans are evidenced by two promissory notes executed by the defendant around the same time. (*Id.*) The First Independent Trust Company was the original lender, and the loans were guaranteed by the New York State Higher Educational Services Corporation. (*See id.*) After Defendant failed to make payments on the loans, they were assigned to the United States Department of Education for collection purposes. (*Id.* ¶ 4.) The Government, on behalf

of the Department of Education, now seeks in this action to collect on both notes, including the interest that has accrued.

The Government had originally filed suit against the defendant on October 25, 2001. Docket No. 1. When the defendant did not answer, a default judgment was entered against her on June 24, 2002. Docket No. 5. Pursuant to a stipulation of consent to vacate the default judgment, the case was reopened on September 11, 2002. Docket No. 9.

The defendant then filed an answer and the Government commenced discovery by submitting initial disclosures as required under Rule 26(a)(1) of the Federal Rules of Civil Procedure. Docket Nos. 10, 12. The Government then moved for summary judgment. Docket No. 13. The defendant has filed no opposition to the motion, despite having been provided extra time to do so by the court and having been informed that judgment may likely be entered against her if she did not oppose the motion. Docket No. 14.

## DISCUSSION

### I. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment if the movant can "show that there is no genuine issue as to any material fact and [is] entitled to a judgment as a matter of law." *See also Sepulveda v. City of New York*, No. 01-CIV-3054, 2003 WL 21673626, at *2 (S.D.N.Y. July 17, 2003) ("[T]he Court's task is not to 'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The burden is on the movant to prove "the absence of any disputed material facts." *United States v. Friedenberg*, No. CV-90-0707, 1991 WL 352884, at *1 (E.D.N.Y. Sept. 20, 1991) (citation omitted).

Moreover, "the [c]ourt must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought." *Id.* (citation omitted).

It is well-established that to successfully oppose a summary judgment motion "the non-moving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.' " *Sepulveda*, 2003 WL 21673626, at *2 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 586 (1986)). Thus, "[t]he non-moving party may not rest upon mere 'conclusory allegations or denials,' but must set forth 'concrete particulars' showing that a trial is needed." *Id.* (citations and internal quotations omitted).

However, additional considerations must be taken into account when the non-movant is proceeding pro se, as is the case here. As Judge Spatt explained,

> A district court may not grant a motion for summary judgment in a case involving a pro se litigant unless: (1) the court apprises the pro se litigant of the consequences of failing to respond to the motion, *see Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994); (2) an opposing party has already provided the litigant with the requisite notice, *see Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); or (3) it is clear that the litigant understands "the nature and consequences of a summary judgment motion," *see M.B. # 11072-054 v. Resih*, 119 F.3d 230, 232 (2d Cir. 1997); *see* [*also*] *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (holding that the failure of the district court to apprise a pro se litigant of the consequences of failing to respond to a motion for summary judgment is grounds for reversal).

*Arum v. Miller*, 304 F. Supp. 2d 344, 348-49 (E.D.N.Y. 2003); *accord Sepulveda*, 2003 WL 21673626, at *2.

These additional requirements are embodied in Local Civil Rule 56.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. *Id.* (citing E.D.N.Y. Admin. Order 99-6 (citing *Vital*, 168 F.3d at 615)). Local Rule 56.2 thus requires that "[a]ny represented party moving for summary judgment against a party proceeding

3

pro se shall serve and file as a separate document, together with the papers in support of the motion, a 'Notice to Pro Se Litigant Opposing Motion For Summary Judgment' in the form indicated below." The form notice essentially advises the pro se litigant "of the possibility that, [by her failure to respond], the complaint may be dismissed and informs the litigant that she must submit evidence countering the facts asserted by the [plaintiff] and raising issues of fact for trial." *Id.* at 349.[1]

Since the Government included the above form notice in its summary judgment motion, after having been properly amended to reflect that the plaintiff is the movant, it has satisfied the requirements of Local Rule 56.2. (Gov't Summ. J. Mot. at 3.) Moreover, this court, in an October 19, 2005 order, *see* Docket No. 14, apprised the defendant of the consequences which may ensue for failure to respond. *See Arum*, 304 F. Supp. 2d at 348. Therefore, the court may proceed to address the merits of the summary judgment motion.

**II. Defendant's Failure to Oppose Summary Judgment Motion**

As stated above, the defendant has submitted no opposition to the Government's motion for summary judgment. Several consequences flow from this, the most important being that the court is entitled accept the Government's factual assertions as true. *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("[T]he failure to respond [to a summary judgment motion] may allow the district court to accept the movant's factual assertions as true.") (citing Local Civ. R. 56.2). Indeed, the defendant was warned specifically of such a consequence in the Local Rule 56.2 form notice provided to her as part of the

---

[1]The form notice appended to Local Rule 56.2 is written from the perspective of the defendant as movant. However, Local Rule 56.2 directs that "[w]here the pro se party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact."

Government's moving papers. That notice specifically provided that "If you [the pro se litigant] do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the Plaintiff, the court may accept Plaintiff's factual assertions as true." (Gov't Mot. Summ. J. 3.) The court will therefore accept as true the Government's unopposed factual assertions raised in its moving papers.

In determining whether summary judgment is warranted, the court relies on copies of (1) promissory notes signed by the defendant and (2) Certificates of Indebtedness, submitted by the United States Department of Education, calculating the defendant's current indebtedness, which the Government submitted as part of its summary judgment motion. (*See* Gov't Mot. Summ. J. Ex. A, D.) The court is satisfied that this constitutes sufficient support in the record to establish the Government's claims for relief. *See, e.g., United States v. Litts*, No. 99-CV-120, 2000 WL 435484, at *2 (D. Conn. Feb 28, 2000) (finding student loan claim proven where government submitted with its summary judgment motion and in its Certificates of Indebtedness "uncontroverted evidence" of defendant's failure to repay student loans).

The Government has established that the defendant, by executing two promissory notes on or around February 4, 1988, became indebted to the government's predecessor in interest in the amounts of $2,625.00 and $4,000.00 plus the interest accruing thereon. (Gov't Decl. Supp. Summ. J. Mot. ¶ 3, Ex. A.) It is further established that the defendant has not made any payments on the above debt, and that the debt was ultimately assigned to the government. (*Id.* Ex. D.) Therefore, "[t]he [G]overnment's proof of indebtedness is sufficient to show [the] defendant's obligation to pay." *United States v. Abady*, No. 03-Civ–1683, 2004 WL 444081, at *3 (citing *Hannah v. Kittay*, 589 F. Supp.1042, 1046 (S.D.N.Y. 1984)).

5

Prejudgment interest is proper in this case. *See* 34 C.F.R. § 682.410(b)(3). According to Certificates of Indebtedness submitted by the Government, as of July 11, 2005 the defendant owes prejudgment interest in the amount of $3,142.82 for the $2,625 loan and $4,172.80 for the $4,000 loan. (*See* Gov't Mot. Summ. J. Ex. D.) Thus, as to the $2,625 loan, the Certificate of Indebtedness reflects a total indebtedness of $6,153.24. (*See id.*)[2] As to the $4,000 loan, the Certificate of Indebtedness reflects a total indebtedness of $8,541.74. (*See* Gov't Mot. Summ. J. Ex. D.)[3] Since July 11, 2005, interest has continued to accrue on the loans. For the $2,625.00 loan, prejudgment interest accrues at a rate of 8% per annum or $0.66 per day, and on the $4,000 loan at a rate of 6.65% or $0.80 per day. (*See* Gov't Mot. Summ. J. Ex. D.) Thus, through June 30, 2006 the defendant owes additional interest of $233.64 on the $2,625 loan, and $283.20 on the $4,000 loan.

Under 28 U.S.C § 1961(a), the Government is entitled to postjudgment interest as well. The rate of such interest, as set forth under section 1961(a), "shall be calculated from the *date of the entry of the judgment*, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." (emphasis added and footnote omitted).

---

[2]This amount is calculated based on a principal of $3,010.42, rather than $2,625, which reflects capitalized interest added to the balance when the loan was purchased from the noteholder by the guarantor. (*See* Gov't Mot. Summ. J. Exs. B and D.)

[3] This amount is calculated based on a principal balance of $4,368.94, rather than $4,000, which reflects capitalized interest of $368.94 added to the balance when the loan was purchased from the noteholder by the guarantor. (*See* Gov't Mot. Summ. J. Exs. B and D.)

## CONCLUSION

Accordingly, the court respectfully recommends that the Government's motion for summary judgment be GRANTED and that judgment be entered requiring the defendant to pay a total of $15,211.82 (which includes outstanding principal and interest through June 30, 2006), plus additional pre- and postjudgment interest to be calculated upon entry of judgment in accordance with the rates identified above.

\*         \*         \*         \*         \*         \*         \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
       July 12, 2006